IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

RICKY HOWARD MAZZA,

    Defendant.

Case No. 1:10-cr-30054-AA
**OPINION AND ORDER**

AIKEN, District Judge:

Now before the Court is defendant Ricky Mazza's Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A). ECF No. 44. The Court heard oral argument in this matter on December 7, 2020 and denied the motion on the record. ECF No. 52. This order is entered to complete the record.

## BACKGROUND

On May 5, 2011, defendant plead guilty to one count of unlawful possession of a firearm in violation of 18 U.S.C. § 922(g)(1) and one count possession methamphetamine with intent to distribute in violation of 21 USC § 841(a)(1),

(b)(1)(B)(viii). ECF No. 22. Defendant was later sentenced to 235 months in custody by U.S. District Judge Own Panner. ECF No. 33. On October 1, 2015, Judge Panner granted a joint motion to reduce sentence (ECF No. 38) and imposed 188 months in custody with a five-year term of supervised release to follow.

Defendant is currently serving his sentence at FCI Sheridan and is projected to be released from custody on December 12, 2023.

Defendant filed the present motion for compassionate release on November 6, 2020. ECF No. As noted above, the Court held oral argument on the motion on December 7, 2020. ECF No. 52.

**STANDARDS**

Generally, a district court "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c); *see Dillon v. United States*, 560 U.S. 817, 824–25 (2010). Compassionate release under § 3582(c)(1)(A) provides an exception in rare cases. Until 2018, § 3582 allowed compassionate release only upon a motion by the Bureau of Prisons ("BOP"). With the passage of the First Step Act of 2018, Pub. L. No. 115-391, § 603, 132 Stat. 5194, 5239 (Dec. 21, 2018), Congress authorized courts to modify a defendant's sentence on a motion filed by a defendant "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier[.]" 18 U.S.C. § 3582(c)(1)(A).

Under § 3582(c)(1)(A), a court may reduce a defendant's sentence if it finds that two conditions are met: (1) that "[e]extraordinary and compelling reasons warrant such a reduction" and (2) "that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." If the court finds that those conditions are met, before granting a sentence reduction, it must "consider[ ] the factors set forth in [18 U.S.C.] § 3553(a) to the extent applicable[.]" 18 U.S.C. § 3582(c)(1)(A); *see also United States v. Jones*, 980 F.3d 1098, 1107–08 (6th Cir. 2020) (reasoning that "[18 U.S.C. §§ 3582(c)(1) and (c)(2)'s parallel language and structure[ ] compel us to conclude that compassionate release hearings are sentence-modification proceedings and that courts considering motions filed under § 3582(c)(1) must follow a *Dillon*-style test" and describing the three-part test for compassionate release motions (citing *Dillon*, 560 U.S. at 827, 829–30)).

The Sentencing Commission's policy statement regarding sentence reductions under § 3582(c)(1)(A) is found at U.S.S.G. § 1B1.13. The policy statement identifies categories of extraordinary and compelling reasons, including the defendant's age, medical conditions, and family circumstances. U.S.S.G. § 1B1.13 cmt. n.1(A)-(C). It also requires courts to find that "the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." *Id.* § 1B1.13(2). But this policy statement, which has not been updated since the First Step Act amended § 3582(c)(1)(A), only applies to motions filed by the BOP Director on behalf of a defendant. *United States v. Aruda*, 993 F.3d 797, 802 (9th Cir. 2021). On a defendant's direct motion for compassionate release, the policy statement "may

inform a district court's discretion, ... but [it is] not binding." *Id*. As a result, the court may consider any extraordinary and compelling reason for release that a defendant might raise. *Id*.

## DISCUSSION

Initially, the Court notes the government does not dispute that defendant has exhausted his administrative remedies through the BOP. Accordingly, this motion is properly before the Court.

Defendant is a 58-year-old man who suffers from hypertension, gastritis, hyperlipidemia, cataracts, gastro-esophageal reflux disease with esophagitis, myopia, and disturbances of vision. He argues that these underlying health conditions in the face of the 2019 novel coronavirus (COVID-19) pandemic present extraordinary and compelling reasons which justify reducing his sentence to one of time served.

The Court finds, and the government does not contest, that defendant's health conditions put him at an elevated risk from developing complications from COVID-19. Specifically, defendant's age and his hypertension present serious risks should he contract the virus. However, COVID-19 conditions at FCI Sheridan were stable both now and when the Court considered this motion. Currently, there are no active inmate cases at FCI Sheridan, and vaccines are being made available to inmates.

While there are certainly health concerns in this case, the Court does not find that extraordinary and compelling reasons exist to grant defendant's motion. Though the Court need not reach consideration of the applicable sentencing factors under 18

U.S.C. § 3553(a), the Court notes that when considering the entire record in this case, they would also weigh in favor of denial.

## CONCLUSION

For reasons set forth herein, defendant's motion for compassionate release (ECF No. 44) is DENIED.

The Court also recognizes that circumstances can change quickly, so this denial is without prejudice. Defendant may file a renewed motion if his circumstances change and, especially, if the COVID-19 infection rate begins rising again at FCI Sheridan.

IT IS SO ORDERED.

Dated this  28th  day of May 2021.

/s/Ann Aiken

Ann Aiken
United States District Judge